PER CURIAM. The facts are not in dispute. Defendant had given a continuing guaranty of the price of goods to be sold to his brother-in-law, one Mandell, by the plaintiff, on credit of 60 days. From March 7, 1907, to December 3, 1908, plaintiff sold various goods to Mandell, who neglected to pay at the end of the term of credit. In some instances notes were taken from him, which operated as an extension of the credit and discharged the guarantor as to the amounts covered thereby. The indebtedness now sued for is for goods sold on 60 days' credit after December 3, 1908, and as to which there has been no extension of time. Defendant contends that the guaranty was terminated altogether by the prior extensions. We consider ourselves bound by Klein v. Long, 27 App. Div. 158, 50 N. Y. Supp. 419, to hold to the contrary, and affirm the judgment.

Judgment affirmed, with costs.

---

(66 Misc. Rep. 151.)

### SECURITY MORTG. CO. v. THOMPSON.

(Supreme Court, Appellate Term. February 24, 1910.)

LANDLORD AND TENANT (§ 29*)—LEASES—REQUISITES AND VALIDITY.

Though a provision in a lease, that if the tenant failed to pay the rent the landlord or his agent might re-enter and remove all persons, using such force as they deemed proper, without being liable to any criminal prosecution therefor, was illegal and void, the lease being otherwise in the ordinary form, and as an entirety for a legal purpose, was not rendered unenforceable by such clause, since it cannot be presumed that it was the intent of the parties to violate the law.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Security Mortgage Company against Frederick M. Thompson. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Fletcher, McCutchen & Brown, for appellant.

Robert E. Swezey, for respondent.

PER CURIAM. This is an appeal from a judgment rendered by the court in favor of defendant in an action for rent, under a written lease. The lease, among other things, provides:

"That in case of the failure to pay the rent or any part thereof, * * * or if the premises shall become vacant during the term, * * * it shall be lawful for the landlord, or the landlord's agents or assigns, either to re-enter upon the demised premises and remove all persons therefrom, or to dispossess the tenant, * * * or to re-enter the same and use such force for the purpose as the landlord or his agents or assigns shall deem proper, without being liable to any prosecution by civil or criminal action or proceeding therefor."

It was contended on the trial by the defendant that this provision of the lease was illegal, as against public policy; that it furnished part of the consideration, and, therefore, the lease could not be enforced

by the plaintiff, as against the defendant. The court sustained the contention of the defendant, and directed judgment in his favor.

We are of the opinion that, while the clause providing that the landlord should not be liable to any prosecution by criminal action or proceeding was illegal and void, the contract as an entirety was for a legal purpose and is enforceable, irrespective of the clause in question. The consideration for the lease was the rent reserved. The provision for re-entry, aside from the objectionable clause, was the ordinary provision contained in leases of this character. The defendant, having entered into possession of the premises under the contract, was in a position to maintain his right to continued occupancy of the premises during the term of the lease. It does not appear, and cannot be presumed, that it was the intent of the parties that the law should be violated. Lorillard v. Clyde, 86 N. Y. 384; Shedlinsky v. Budweiser Brewing Company, 163 N. Y. 437, 57 N. E. 620.

The judgment is therefore reversed, and a new trial ordered, with costs to the appellant to abide the event.

